DAUKSCH, Judge,
concurring in part; dissenting in part:
I agree the collateral source rule should be equally and fairly applied to actions for wrongful death and actions for non-fatal injuries. In my opinion the appellee has put a strained interpretation upon the words “or that were paid by or on behalf of the decedent” in Section 768.21(6)(b), Florida Statutes (1979). I do not read that statute to include payments made from “collateral sources” as meant in Section 627.7372(1), Florida Statutes (1979):
In any action for personal injury or wrongful death arising out of the ownership, operation, use, or maintenance of a motor vehicle, the court shall admit into evidence the total amount of all collateral sources paid to the claimant, and the court shall instruct the jury to deduct from its verdict the value of all benefits received by the claimant from any collateral sources.
My disagreement with the majority is in the disposition of the matter. I would reverse the judgment and remand the matter for a remittitur or a new trial. Thus, I would give the plaintiff an opportunity to present the matter in its entirety, with all proper evidence and instructions, to a jury fully advised; or to give back the proper amount by way of remittitur.